Dear Mr. Wilkinson and Mr. Lambert:
This opinion is written in response to your request for clarification of certain statutory laws governing political party executive committees in Louisiana.
Question No. 1: Where are Parish Executive Committees supposed tomeet?
Your letter quotes R.S. 18:444 and states that although the statute instructs the committee to initially meet at the parish courthouse, you are unclear about subsequent meetings.
LSA-R.S. 18:444(C) states, "the newly-elected members of the parish executive committee of a recognized political party shall meet at the parish courthouse, shall take office, and organize the committee within forty days after their election." Paragraph (E) provides for the committee to "[a]dopt rules and regulations for its government that are not inconsistent with the laws of this state or the rules and regulations of the state central committee ". Thus, it is our opinion that it is within the committee's power to adopt rules and regulations governing where the parish executive committee's subsequent meetings are to be held.
Question No. 2: Are the three grounds for removal contained within R.S.18:444(H) the only grounds for which a parish executive committee membercan be removed?
LSA-R.S. 18:444(H) provides, "an elected member of the parish executive committee is subject to removal from office when one of the following occurs: (a) A member establishes residence outside of the parish. (b) A member is convicted of a felony. (c) A member changes his official party registration." The law further provides for a hearing prior to removal and for an appointment to fill a vacancy from removal.
The language of this statute does not state that these three (3) grounds for removal are exclusive and again, we refer you to R.S. 18:444(E) which authorizes the committee to adopt rules and regulations "for its government" that are not inconsistent with the laws of this state or the state central committee's rules and regulations.
Question No. 3: Can parish executive committees adopt rules that aredissimilar to rules established by other parish executive committees? Ifso, what distinct local rules can a parish executive committeeestablish?
As you pointed out in your letter, LSA-R.S. 18:444(A) requires that the "[q]ualifications for membership on parish executive committees of a recognized political party shall be uniform throughout the state." The qualifications are established by the rules and regulations of the state central committee of that recognized political party. Id. Another uniform rule is that the officers of the parish executive committee can only be those officers provided for by the state central committee's rules. R.S. 18:444(D).
The only rules and regulations that can be adopted individually by each parish executive committee are those adopted under R.S. 18:444(E) "[f]or its government that are not inconsistent with the laws of this state or the rules and regulations of the state central committee, it may create any committee it deems necessary." For example, any written rule and regulation could not conflict with the proxy voting requirements of R.S.18:444(C)(2), or the vacancy provisions of paragraph (F) of that statute. Other parliamentary rules, such as those found in Robert'sRules of Order, are an example of what could be adopted individually by a parish executive committee, except with regard to those rules specifically provided for by law, such as on quorum and proxy voting matters. R.S.18:444(C)(1) and (2).
Question No. 4: Does a Parish Executive Committees meeting at acourthouse have the power to endorse one candidate over another?
The Election Code does not address specific powers of a parish executive committee, but leaves it up to each committee to provide for its own government through rules and regulations pursuant to R.S.18:444(E), not inconsistent with state law or the rules and regulations of the state central committee. We are not aware of any state law on this issue; however, you should refer to the state central committee's rules and regulations before adopting same.
Question No. 5: Other than having its' chairman serve on the parishboard of election supervisors, collect qualifying fees, and appointcommittees, what are the legal functions of a parish executivecommittee?
The Election Code does not provide for any other "legal functions" of a parish executive committee, other than what you have mentioned. Functions of each parish executive committee are to be governed by the committee through its rules and regulations pursuant to R.S. 18:444(E).
The First Amendment to the United States Constitution provides for the freedom of association. "The fundamental right of freedom of association includes the right of persons to engage in partisan political organization." Louisiana Republican Party v. Foster, 674 So.2d 225,228-229 (La., 1996) (citations omitted). The freedom to associate for the advancement of political beliefs includes the freedom of self governance. Id.; See also, Eu v. San Francisco County Democratic CentralCommittee, 489 U.S. 214, 109 S.Ct. 1013, 103 L.Ed.2d 271 (1989) ("Because the right of association would be hollow without a corollary right of self-governance, `there must be a right not only to form political associations but to organize and direct them in the way that will make them most effective'. . . . [The freedom of association] necessarily presupposes the freedom to identify the people who run the association."). Hence, the reason for few laws in Louisiana's Election Code with regard to the governance of parish executive committees.
Trusting that this opinion has addressed all of your questions, we remain
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 ____________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
CCF, JR./ARL;mjb